1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ETHAN D. KIRSCHNER, State Bar No. 235556
  ethan@kirschner-law.com
**KIRSCHNER LAW, PC**
9696 Culver Blvd., Ste. 301
Culver City, CA 90232
Telephone:   (213) 935-0250
Facsimile:    (213) 986-3106

*Attorney for Plaintiff*
RODOLFO ALAMILLO d/b/a PACIFIC LIGHT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RODOLFO ALAMILLO d/b/a PACIFIC LIGHT,<br><br>           Plaintiff,<br><br>     v.<br><br>UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware limited liability company; TFORCE FREIGHT, INC., a Virginia corporation; and DOES 1-20, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE CARMACK AMENDMENT, 49 U.S.C. § 14706**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

Plaintiff RODOLFO ALAMILLO d/b/a PACIFIC LIGHT ("Plaintiff")

complains against Defendants, and each of them, as follows:

## PARTIES

1.      Plaintiff RODOLFO ALAMILLO d/b/a PACIFIC LIGHT ("Plaintiff") is

an individual who resides in Los Angeles County, California. For thirty years,

Plaintiff's business has manufactured glass products for interstate sales. Plaintiff's

principal place of business is in Bell, California.

2.      Plaintiff is informed and believes and based thereon alleges that

Defendant UNISHIPPERS GLOBAL LOGISTICS, LLC ("Unishippers"), is or was a

Delaware limited liability company with its principal place of business in Salt Lake

City, Utah and which committed the acts complained of herein, in whole or in part, in

this judicial district.

3.      Plaintiff is informed and believes and based thereon alleges that

Defendant TFORCE FREIGHT, INC. ("TForce"), is or was a Virginia corporation

with its principal place of business in Richmond, Virginia, and which committed the

acts complained of herein, in whole or in part, in this judicial district.

4.      Plaintiff is informed and believes and based thereon alleges that both

Unishippers and TForce regularly conduct business and operate in California, and in

this judicial district.

5.      The true names and capacities, whether individual, corporate, associate or

otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently

unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

Plaintiff is informed and believes and based thereon alleges that each of the

Defendants designated herein as a DOE is legally responsible in some manner for the

unlawful acts referred to herein. Plaintiff will seek leave of court to amend this

Complaint to reflect the true names and capacities of the Defendants designated

hereinafter as DOES when such identities become known to Plaintiff. Hereinafter,

reference to "Defendants" shall include the named Defendants and the DOE

Defendants.

6.      Plaintiff is informed and believes and based thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over the claims in this Complaint pursuant to 49 U.S.C. § 14706(d) and 28 U.S.C. § 1331.

8.      The Court has jurisdiction over the parties pursuant to California Code of Civil Procedure § 410 and based upon the parties' constitutionally adequate minimum contacts with California.

9.      Venue is properly laid in California pursuant to 49 U.S.C. § 14706(d) as, upon information and belief, California is a state through which Defendants, and each of them, operate.

## FACTUAL BACKGROUND

10.     For thirty years, Plaintiff's business has manufactured glass products for interstate sales. Plaintiff's principal place of business is in Bell, California.

11.     On or about August 20, 2021, Plaintiff contacted Unishippers and made arrangements to have two pallets of glass pipes shipped from Bell, California to its customer Yellow Bird Wholesale in Portland, Oregon.

12.     Plaintiff is informed and believes and thereon alleges that Unishippers is a common carrier subject to the jurisdiction of the Interstate Commerce Commission.

13.     Plaintiff is informed and believes and thereon alleges that Unishippers is a motor carrier pursuant and subject to 49 U.S.C. § 14706(a)(1).

14.     Unishippers issued a Bill of Lading for the shipment, dated August 20, 2021, BOL No. LAC1063425.

15.     Plaintiff is informed and believes and thereon alleges that the pallets were loaded on a trailer hauled by a truck owned and operated by Unishippers, in Bell,

COMPLAINT FOR DAMAGES

California or in a truck owned and operated by a third party, at Unishippers' direction.

16.     At the time the pallets were loaded on the trailer hauled by a truck owned and operated by Unishippers, the pallets, and their contents, were new and in perfect condition.

17.     Plaintiff is informed and believes and thereon alleges that Unishippers failed to take appropriate protective measures for the pallet shipment to prevent damage.

18.     Plaintiff is informed and believes that Plaintiff's pallets were delivered by TForce in Portland, Oregon.

19.     Plaintiff is informed and believes and thereon alleges that TForce is a common carrier subject to the jurisdiction of the Interstate Commerce Commission.

20.     Plaintiff is informed and believes and thereon alleges that TForce is a motor carrier pursuant and subject to 49 U.S.C. § 14706(a)(1).

21.     Upon delivery, TForce's delivery employee noted "12 boxes damaged" on the "Consignee Memo" presented to the delivery recipient and to Plaintiff. TForce's employee initialed the notation and signed the "Consignee Memo."

22.     The twelve damaged boxes constituted an entire pallet of the two-pallet load.

23.     All of Plaintiff's products inside the twelve damaged boxes were broken, rendered worthless and unfit to use or resell.

24.     Plaintiff is informed and believes and thereon alleges that TForce failed to take appropriate protective measures for the pallet shipment to prevent damage.

25.     As a result of Defendants' actions, Plaintiff's property was injured and damaged.

26.     Following Defendants' actions, Plaintiff incurred costs and expenses associated with the catastrophic shipment, including costs and expenses for evaluating the condition of the products and for filing multiple claims with Defendants which were rejected for no rational reason and in violation of Defendants' stated policies and

COMPLAINT FOR DAMAGES

practices.

## FIRST CAUSE OF ACTION
### Damages Pursuant to the Carmack Amendment – Against All Defendants
### (49 U.S.C. § 14706 *et seq.*)

27.     Plaintiff re-alleges each and every preceding paragraph of this Complaint as though fully set forth herein.

28.     As common carriers subject to the jurisdiction of the Interstate Commerce Commission, Defendants, and each of them, are subject to the provisions of the Carmack Amendment, 49 U.S.C. § 14706.

29.     Unishippers's actions as alleged herein, including the issuance of a Bill of Lading to Plaintiff, qualify it as a receiving carrier or a delivering carrier.

30.     TForce's actions as alleged herein qualify it as a receiving carrier or a delivering carrier.

31.     Upon pickup by Unishippers and/or TForce, Plaintiff's property was in new and excellent condition.

32.     Upon dropoff by Unishippers and/or TForce, Plaintiff's property was damaged.

33.     All totaled, Plaintiff sustained approximately $50,000 in damages as a result of the destruction of its property caused by Defendants.

34.     Under the Carmack Amendment, Defendants are liable to Plaintiff for actual loss or injury to Plaintiff's property.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment and the following specific relief against Defendants, and each of them, as follows:

1.     Judgment in its favor with regard to all causes of actions in this Complaint;

2.     An award of damages under the Carmack Amendment or under the

COMPLAINT FOR DAMAGES

common law according to proof;

3.    For interest, as allowed by law;

4.    Plaintiff's costs; and

5.    For such other and further relief as the Court deems just and proper.


Respectfully submitted,

DATED: June 3, 2022                              KIRSCHNER LAW, PC


/s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER
Attorney for Plaintiff
RODOLFO ALAMILLO
D/B/A PACIFIC LIGHT


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 3, 2022                              KIRSCHNER LAW, PC


/s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER
Attorney for Plaintiff
RODOLFO ALAMILLO
D/B/A PACIFIC LIGHT

COMPLAINT FOR DAMAGES